Filed 2/28/24  P. v. Singleton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KELVIN L. SINGLETON,<br><br>Defendant and Appellant. | D082337<br><br><br><br>(Super. Ct. No. SCD147179) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Kelvin L. Singleton, in pro. per.; and Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kelvin L. Singleton is serving a sentence for convictions in 2001 of robbery (Pen. Code,[1] § 211) and true findings on two alleged strike priors (§ 667, subds. (b)-(i)) and two serious felony priors (§ 667, subd. (a)).  The court imposed an indeterminate term of 35 years to life under the three

---

[1]     All further statutory references are to the Penal Code.

strikes law.[2]  There was a true finding on an alleged prison prior (§ 667.5, subd. (b)), however the court struck the prior and did not impose an additional term for that enhancement.

In 2023, Singleton was identified as a person who might be eligible to have the prison prior dismissed under Senate Bill No. 483 as an invalid enhancement.  Singleton filed motions for resentencing, including many allegations but they were primarily directed at eliminating the enhancement.

The trial court appointed counsel and received briefing.  After reviewing the record, the court concluded the prison prior was struck at the original sentencing and therefore nothing remained for which the court could grant relief.

Singleton filed a timely notice of appeal.  He also requests judicial notice of a published appellate opinion and a request he made to the Superior Court of San Luis Obispo County.  We deny the request.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.  Singleton has responded with a brief, an addendum to the brief, a letter and a request for judicial notice.  The vast bulk of the material does not deal with the question raised by this appeal but expresses his many complaints about his underlying sentence.  Although the materials are lengthy we find they do not raise any arguable issues for reversal of the specific order under review by this appeal.

---

[2]    Singleton appealed and this court affirmed the judgment in an unpublished opinion.  (*People v. Singleton* (Dec. 21, 2001, D037600).)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether the court erred in finding Singleton was not eligible for resentencing since the sentencing court struck the prison prior in 2001.

We have reviewed the record as required by *Wende* and *Anders,* including the many pages of materials submitted by Singleton. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Singleton on this appeal.

## DISPOSITION

The order denying Singleton's petition for resentencing is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.

3